UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAY AINSWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-CV-0050-CVE-FHM |
| | ) | |
| U.S. DEPARTMENT OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant U.S. Department of Education's motion to dismiss (Dkt. # 26) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On January 30, 2019, plaintiff filed a complaint (Dkt. # 1) alleging that defendant improperly reported his student loan indebtedness reinstatement and missed payments to all three major credit agencies, contacted him repeatedly despite his demands that defendant cease communications, and improperly garnished his earnings and income tax refunds, causing him to be unable to refinance his house or afford airplane tickets for a vacation. Defendant filed the motion to dismiss on the grounds that, under Rule 12(b)(1) plaintiff's claims are barred by sovereign immunity, and under Rule 12(b)(6) it complied with all of its statutory duties and the complaint fails to state a claim.[1]

**I.**

Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleading liberally. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Plaintiff's claims

---

[1] Plaintiff has not filed a response to defendant's motion, and his time to do so has expired. However, because the plaintiff is pro se, the Court will address the merits of defendant's arguments.

appear to stem from past due student loan, which were subsequently discharged due to his Total Permanent Disability (TPD). Dkt. # 1, at 2.[2] Plaintiff was approved for TPD on June 5, 2012. Id., 65. However, plaintiff's student loan was placed in a three-year waiting period during which he was required to report his income to prove that it did not exceed the poverty guideline amount for a family of two. Dkt. # 21, at 4; Dkt. # 21-1, at 12. Plaintiff was subsequently informed that defendant had not received his earnings statement from January 1, 2014 to June 4, 2015, and, therefore, his loan was reinstated. Dkt. # 1, at 65. He then received a letter from defendant that it would begin garnishing his earnings. Id. at 1. Plaintiff claims that he had mailed his income verification to defendant on August 13, 2015 (attaching a copy to his complaint). Id. at 3, 73. However, defendant claims that it did not receive plaintiff's income verification through the mail. Dkt. # 26, at 2. Defendant claims that it finally received plaintiff's income verification when plaintiff filed his complaint. Id. at 3; Dkt. # 1, at 73. Defendant proceeded to refund plaintiff's garnished earnings and income tax refunds. Dkt. # 26, at 3. Plaintiff claims that, as a result of his loan being reinstated, his credit score dropped because defendant reported his unpaid loan to all three consumer reporting agencies (CRAs), causing him to be unable to refinance his house. Id. at 5. He claims damages resulting from his inability to refinance his home, unwanted communications from defendant, and an inability to purchase airline tickets due to his income tax refunds being garnished. Id.; Dkt. # 6, at 1; Dkt. # 21, at 5; Dkt. # 28, at 1. Defendant claims that the case should be

---

[2] Plaintiff has filed a complaint (Dkt. # 1), exhibits in support of complaint (Dkt. # 5), an amended complaint (Dkt. # 6), and four supplements with attached exhibits (Dkt. ## 18, 21, 28, 30). Plaintiff's arguments are contained in various parts of these documents. For clarity, and because plaintiff is pro se, the Court will consider his arguments in each of these documents throughout this opinion and order.

dismissed under Rule 12(b)(1) because of sovereign immunity, and under Rule 12(b)(6) because it complied with all of its statutory duties. Dkt. # 26, at 5.

## II.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership–1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. "To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" Doe v. Woodard, 912 F.3d 1278, 1299 (10th Cir. 2019) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true, and [the court] must liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party." Id. (internal citation omitted).

**III.**

Plaintiff's assertion of subject matter jurisdiction appears to be federal question: that defendant adversely affected his credit score in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692, et seq., and the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, et seq. Defendant argues that, under Rule 12(b)(1), plaintiff's claims are barred by sovereign immunity and because, under Rule 12(b)(6), it complied with all of its statutory duties. Dkt. # 26, at 5, 10.

"It has long been established . . . that the United States, as sovereign, 'is immune from suit save as it consents to be sued.'" United States v. Murdock Mac. and Eng'g Co. of Utah, 81 F.3d 922, 930 (10th Cir. 1996) (quoting United States v. Testan, 424 U.S. 392, 399 (1976)). "The existence of consent is a prerequisite for jurisdiction." Id. (quoting United States v. Mitchell, 463 U.S. 206, 212 (1983)). "The government consents to be sued only when Congress 'unequivocally expresse[s]' its intention to waive the government's sovereign immunity in the statutory text." Id. (quoting United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992)); see also F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

Plaintiff has not cited any language in the FDCPA or in its legislative history expressly waiving sovereign immunity, nor can the Court find such language. Other courts have held that the FDCPA does not waive sovereign immunity of the government. See Williams v. U.S. Dist. Ct. for D.N.J., 455 Fed. App'x 142, 143 (3d Cir. 2011)[3] ("Congress did not waive the sovereign immunity

---

[3] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

4

of the United States in the FDCPA.") (citing Wagstaff v. U.S. Dep't of Educ., 509 F.3d 661, 664 (5th Cir. 2007)).  Moreover, defendant is not a "debt collector" as defined in the FDCPA.  See 15 U.S.C. § 1692a (defining debt collector as, inter alia, "any officer or employee of the United States [not the government itself] or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties").  Therefore, defendant is immune from this lawsuit to the extent that plaintiff alleges a violation of the FDCPA and, thus, the Court lacks subject matter jurisdiction.  Therefore, defendant's motion to dismiss plaintiff's claim under the FDCPA is granted under Rule 12(b)(1).

To the extent that plaintiff alleges a violation of the FCRA, his claim appears to be barred under Rule 12(b)(1) by sovereign immunity, and even if it is not, he fails to state a claim upon which relief may be granted under Rule 12(b)(6).  The Supreme Court has held that the Little Tucker Act, 28 U.S.C. § 1346(a)(2), does not waive the sovereign immunity of the United States in a lawsuit under the FCRA, but it has not expressly held that the government is immune from lawsuits under the FCRA.  See United States v. Bormes, 568 U.S. 6, 14 (2012).  Lower courts are split as to whether the FCRA waives the government's sovereign immunity.  See Bormes v. United States, 759 F.3d 793, 797 (7th Cir. 2014) (holding that the federal government is not immune from lawsuits under the FCRA); but see Meyers v. Oneida Tribe of Indians of Wis., 836 F.3d 818, 823-27 (7th Cir. 2016) (holding that tribal governments are immune from lawsuits under the FCRA); Daniel v. Nt'l Park Svs., 891 F.3d 762, 769 (9th Cir. 2018) (holding that federal agencies are immune from lawsuits under the FCRA); Robinson v. U.S. Dep't of Educ., 917 F.3d 799, 806 (4th Cir. 2019) (holding that the federal government is immune from lawsuits under the FCRA).  The Tenth Circuit has not

addressed this issue. See Hoffmeister v. Secretary of U.S. Treasury, 2018 WL 6429925, at *4 (D. Co. March 27, 2018).

However, even if the government has not waived sovereign immunity in the FCRA, defendant has complied with its statutory duties and thus, plaintiff has failed to state a claim upon which relief may be granted under Rule 12(b)(6). Defendant reported plaintiff's missed payments to the CRAs once plaintiff's loan was reinstated. By doing so, defendant complied with its statutory duties. To assist CRAs in complying with the FCRA, defendant is required to enter into an agreement with CRAs to provide data regarding each debt that it holds. 20 U.S.C. § 1080a(a). Defendant is required to disclose (1) whether the loan is an education loan; (2) the total amount of the loan and any remaining balance; (3) the repayment status of the loan; (4) the date of default of the loan; and (5) the date of cancellation of the note upon completion of repayment. Id. Defendant claims that its reporting was accurate at the time that it reported plaintiff's credit to the CRAs, and plaintiff does not allege otherwise. When plaintiff complained to defendant of his bad credit score, defendant informed plaintiff that it was under an obligation to report his unpaid student loan. Dkt. # 26, at 11. Plaintiff then re-submitted a new copy of his earnings statement. See Dkt. # 1, at 73-76. Defendant did not wrongly affect plaintiff's credit score; it merely complied with its statutory duty. Therefore, plaintiff has failed to state a claim upon which relief may be granted. Accordingly, defendant's motion to dismiss the FCRA claim under Rule 12(b)(6) is granted.[4]

---

[4] To the extent that plaintiff claims monetary damages for duress or his inability to refinance his house, see Dkt. ## 21, at 5; 30, at 1, his claim is without merit because defendant complied with all of its statutory duties.

**IT IS THEREFORE ORDERED** that defendant U.S. Department of Education's motion to dismiss (Dkt. # 26) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) is **granted**, and plaintiff's claims are **dismissed**. A separate judgment of dismissal is entered herewith.

**DATED** this 19th day of November, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE